**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO:**

KENNETH BODDIE, and
all others similarly situated under
*29 U.S.C. 216(b),*

      Plaintiff(s),

      v.

AQUA ESCAPES, INC.,
a Florida Profit Corporation, and
MICHAEL MCKENZIE, individually,

      Defendants.

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, KENNETH BODDIE ("Plaintiff") pursuant to *29 U.S.C. § 216(b)*, files the following Complaint against Defendants, AQUA ESCAPES, INC. ("AEI"), and MICHAEL MCKENZIE ("MCKENZIE"), individually (collectively referred to hereinafter as "Defendants"), on behalf of himself, and all others similarly situated, and alleges:

1. Defendants have unlawfully deprived Plaintiff, and all other employees similarly situated, of overtime compensation during the course of their employment. This action arises under the Fair Labor Standards Act ("FLSA"), pursuant to *29 U.S.C. §§ 201–216*, to recover all wages owed to Plaintiff, and those similarly situated to Plaintiff, during the course of their employment with Defendants.

## PARTIES

2. During all times material hereto, Plaintiff was a resident of Palm Beach County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, AEI, was a Florida Profit Corporation located and transacting business within Palm Beach County, Florida, within the jurisdiction of this Honorable Court.

4. AEI is headquartered and operates its principal location at 8155 Chelsea Court, Unit C, West Palm Beach, Florida 33406.

5. Defendant, AEI, was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

6. During all times material hereto, Defendant, MCKENZIE, was a resident of the Southern District of Florida.

7. During all times material hereto, Defendant, MCKENZIE has been the Registered Agent, corporate officer, and Director of AEI.

8. During all times material hereto, Defendant, MCKENZIE, was over the age of 18 years, and was vested with the ultimate control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices for Defendant, AEI.

9. During all times material hereto, Defendant, MCKENZIE was Plaintiff's supervisor.

10. Defendant, MCKENZIE, was also Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations.

## JURISDICTION AND VENUE

11. The acts and omissions giving rise to this dispute took place within Palm Beach County, Florida, which falls within the jurisdiction of this Honorable Court.

12. Defendant, AEI, is headquartered and regularly transacts business in Palm Beach County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

13. Venue is also proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

14. Defendant, AEI, provides custom pool and waterfall construction services to commercial and residential customers in the State of Florida has done so since at least 2008.

15. Defendants, AEI and MCKENZIE employ Carpenters such as Plaintiff to perform the labor involved in crafting materials necessary for the customization of pool and waterfall construction projects.

## FLSA COVERAGE

16. Defendant, AEI, is covered under the FLSA through enterprise coverage, as AEI was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, AEL's business and Plaintiff's work for AEI affected interstate commerce because the goods and materials Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.  Accordingly, Defendant, AEI, was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(B)*.

17. During his employment with Defendant, AEI, Plaintiff, and multiple other employees, handled and worked with various goods and/or materials that moved through interstate commerce, including, but not limited to: various types of natural rocks, granite, tiles, carpentry tools, hammers, saws, chlorine, chemicals, wood, spirit levels, tape measures,

3

claw hammers, sledgehammers, chisels, work benches, nail guns, clamps, pencils, pens, carpenter's squares, air compressors, air hoses, power tools, etc.

18. Defendant, AEI, regularly employed two (2) or more employees for the relevant time period, and these employees handled goods or materials similar to those goods and materials handled by Plaintiff, thus making Defendant, AEI's business an enterprise covered by the FLSA.

19. Upon information and belief, Defendant, AEI, grossed or did business in excess of $500,000.00 during the years of 2016, 2017, and 2018, and is expected to gross in excess of $500,000.00 in 2019.

20. During all material times hereto, Plaintiff was a non-exempt employee of Defendants, AEI, and MCKENZIE, within the meaning of the FLSA.

## PLAINTIFF'S WORK FOR DEFENDANTS

21. In September 2018 Plaintiff began working for Defendants, AEI and MCKENZIE, and continued to do so until May 24, 2019.

22. Plaintiff worked between fifty (50) to fifty-seven (57) hours per week throughout his entire employment with Defendants.

23. From on or about September 2018 through January 2019 Defendants paid Plaintiff $18.00 per hour.

24. From about February 2019 through May 2019 Defendants paid Plaintiff $20.00 per hour.

25. Defendants refused to compensate Plaintiff at the proper overtime rate of time-and-one-half required by the FLSA for all hours worked in excess of forty (40).

26. Defendants were expressly aware of the overtime work performed by Plaintiff, but nevertheless required Plaintiff to continue working without receiving the proper overtime rate during any of the workweeks between September 2018 and May 2019.

27. As a result of Defendants' intentional and willful failure to comply with the FLSA, Plaintiff has been required to retain the undersigned counsel and is therefore entitled to recover liquidated damages, reasonable attorney's fees and costs incurred in the prosecution of these claims.

### **COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – *29 U.S.C. § 207***
**(Against All Defendants)**

28. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 27 as though set forth fully herein.

29. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)*.

30. During the time period relevant to this lawsuit, Plaintiff worked between fifty (50) and fifty-seven (57) hours per week.

31. From September 2018 through May 2019 Defendants refused to compensate Plaintiff at the proper overtime rate of time-and-one-half required by the FLSA for all hours worked in excess of forty (40).

32. Plaintiff is entitled to recover statutorily proscribed federal overtime wages at a rate of half-time per hour, for all hours worked in excess of forty (40) per week.

33. Plaintiff therefore claims the time-and-one-half rate for each hour worked in excess of forty (40) per week, during the time period between September 2018 until May 2019.

34. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the FLSA, as Defendants knew of the overtime requirements of the FLSA. Defendants

recklessly failed to investigate whether Defendants' payroll practices were in accordance with the FLSA during the relevant time period.

35. Accordingly, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

36. Defendants' willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

37. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, KENNETH BODDIE, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, AQUA ESCAPES, INC., and MICHAEL MCKENZIE, and award Plaintiff: (a) unliquidated damages to be paid by the Defendants jointly and severally; (b) liquidated damages to be paid by the Defendants jointly and severally; (c) reasonable attorney's fees and costs to be paid by the Defendants jointly and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, KENNETH BODDIE, requests and demands a trial by jury on all appropriate claims.

**Dated this 13th day of November, 2019.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS- JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
MELISSA SCOTT, ESQUIRE
Florida Bar No. 1010123
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
*Jordan@jordanrichardspllc.com*
*Melissa@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*
*Stephanie@jordanrichardspllc.com*
*Mike@usaemploymentlawyers.com*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on November 13, 2019.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

**SERVICE LIST:**